PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__Kenedy__ DIVISION

**FILED**
September 10, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__RAMIRO CANALES__
PETITIONER
(Full name of Petitioner)

__John B. Connally Unit
899 F.M. 632__
CURRENT PLACE OF CONFINEMENT

vs.

__Defendant(s)__

__List Attached on Last Pages__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

__TDCJ NO. 1244960__
PRISONER ID NUMBER

5:21-cv-00862-OLG
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
KENEDY DIVISON

## DEFENDANT(S)

1. RICK THALER, Director,
   Tex. Department of Criminal
   Justice,
   Texas Department of Criminal Justice
   Institutional Division
   Two Financial Place; Ste. 625
   Huntsville, Tex. 77342-099
   (sued in Individual Capacity only)

2. Ruth E. Trice (Capt. DHO)
   Texas Department of Criminal Justice
   Institutional Division,
   John B. Connally Unit.
   899 F.m. 632
   Kenedy, Tex. 78229. (sued individual capacity only)

3. Rolando Jr. Cerda (Lieut)
   Texas Department of Criminal Justice
   Institutional Division
   John B. Connally Unit
   899 F.m 632
   Kenedy, Tex 78229 (sued individual capacity only)

4. Helene Noutemo (sgt).
   Texas Department of Criminal Justice
   Institutional Division
   John B. Connally Unit
   899 F.m. 632
   Kenedy, Tex. 78229 (sued individual capacity only)  #202200266092
   Change her Name: ms. Noutemo (officer Yakakadji, Helene Disc Case same pecker)

Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
KENEDY DIVISON.

**DEFENDANT(S)**

5. Stacy Steele G. ('Counsel Sub
   Texas Department of Criminal
   Justice
   Institutional Divison
   John B. Connelly Unit
   899 F.m. 632
   Kenedy, Tex. 78119. (Sued Individual Capacity only)

Each defendant(s) is sued individually and in their official capacity. At all times mentioned the complaint each defendant(s) acted under the color of Law.

\*Employee of Defendants address have been provided!!!
Defendants are currently of are formerly assigned to numbers two thru five John B. Connelly Unit. 899 F.m. 632 Kenedy, Ted. 78229

3.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

### PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _144th Judicial Dist. Court Bexar County, Texas (San-Antonio)._

2. Date of judgment of conviction: _June, 4th, 2004._

3. Length of sentence: _Life-with Paroles_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _N|A_

sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: John B. Connally Unit.

    Disciplinary case number: #20210026604

    What was the nature of the disciplinary charge against you? Offense Code: 20.a

18. Date you were found guilty of the disciplinary violation: Nov. 19, 2020

    Did you lose previously earned good-time days?   ☒ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 30 days. Am doing day for day AGG.

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: Reduc. Class From L1 to L2; Recreation Days 40; Commissary (Days) 60.

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☒ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: A review of disciplinary case #20210026604 was completed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. There were no technical errors or procedural violations noted. The punishment imposed was within the guidelines. The decision of the hearing officer will remain. There is no action warranted to dismiss the disc. case or restore privileges, no further action warranted by this office.

    Date of Result: Dec. 7th, 2020  Assist. Warden A. Fullwood

—5—                                                                              Rev. 09/10

- Your step 2 grievance has been investigated by the Central Grievance office.
- You were appropriately advised at the step 1 level. Major Disc. case # 20211002606 has been reviewed

**Step 2 Result:** It was determined that the disc. charge was appropriate for the offense. Furthermore, the punishment imposed was within Agency guidelines & all due process requirements were satisfied.

**Date of Result:** T. Phillips - Mar 26, 2021

- Due to these facts, this case shall stand as rendered with no further action warranted by this office.

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** I was deny of a Fair Hearing and impartial held in violation Constitution, laws, United States.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On Nov. 19th 2020 Capt. Trice (HDO). I was denied my basic rights to call for witness testimony and it be heard during the disciplinary hearing.

B. **GROUND TWO:** I being deny Access To Court, held in violation Constitution, laws, United States.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On Aug. 5th and 12th, 2021 I was deny offense report I-210, by Ms. Bradley, Stephenie, unit Law Librarian III, HDO Cpt. Trice, and Sub Counsel. Steck, I wanted to buy copys. documents. See file step one. attachment. step I-128 still pend. Still haven't recd I-210 offense reports Sept. 8th 2021

C. **GROUND THREE:** I was retaliated against for filing a grievance.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I complaint about officer's flashing light in face during Night shift stand cell going etc. and am sleep. I have seizure let officers donot do that because go into seizure. leaves into issuing a major misconduct ticket, in retaliated for filing a grievance against officers. Since Nov. 2020. under (ADA).

D. **GROUND FOUR:** Due process and procedural right violations held in violation Constitution, laws, united states

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Which leads tampering with Government record. HOO Trice and Lieut. Cerda. make falsified statement 12 building 1 cell F-pod. my light switch light not work, my cell was Red Tag since arrived to Connally Unit Nov 2020. officials already knew about cell no light works.

21. Relief sought in this petition: I request that the Disciplinary case # 20210026004 be overtured I believe incidents to be improper conduct by the DHO. due to the DHO refusal of my witness testimonys or any and all documentions and the denials of a fair and impartial. That this case be reversed and my 30 days of goodtime Credits, 45 loss of recreation and 60 commissary days be restored "off my record" (reduc class from L1 to L2 Restord Line 2 or better

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☒Yes ☐No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

I unknown Numeble disciplinary proceding call U.S. Dist Court civil Action NO. 6: 12-CV-225 (Waco) division) file July 8, 2013 P. 3 d-2) Ramiro Cansler v. Rick Thaler, Director TDCJ. etc Civ. 6: 12-CV-225 by Judge Walter S. Smith JR U.S.D.J.

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐Yes ☒No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☒Yes ☒No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

Understand this Question [illegible] way expired. Used to find in busted court address on Env. [illegible] yes 1st time presented them to court. (A, b, c, d,) grounds, [illegible] disc. case.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐Yes ☒No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: N/A

(c) At trial: N/A

(d) At sentencing: N/A

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_PRO-SE MR Canales, Ramiro_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_Sept. 9 2021_ (month, day, year).

Executed (signed) on _9th Sept. 2021_ (date).

_MR Canales, Ramiro # 1244960_
Signature of Petitioner (required)

Petitioner's current address: _John B Connally Unit, 899 F.M. 632_
_Kenedy, TX. 78119_



**Texas Department of Criminal Justice**

## STEP 1   OFFENDER GRIEVANCE FORM

Copy of Originals

| OFFICE USE ONLY |
|---|
| Grievance #: 2021148063 |
| Date Received: AUG 10, 2021 |
| Date Due: 09-29-2021 |
| Grievance Code: 302 |
| Investigator ID #: I-1733 I262 |
| Extension Date: |
| Date Retd to Offender: AUG 31, 2021 |

Offender Name: Ramiro Canales    TDCJ #: 02244960

Unit: CY/086    Housing Assignment: 12-E-46 cell

Unit where incident occurred: John B. Connally/C

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Couns/Sub. Ms. Steele, S. Trevipi. Trice, R. (Ilco)    When? Aug 5th, 2021

What was their response? "Send I-60, no response"

What action was taken? Deny me copies I-60, advising, price, and procedures

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Subject: "Step 1" I-210 offense report and preliminary investigation Report. The purpose of this letter is to inform you that the above named's I am file step 1 against the person Ms. Steele, S. (couns/sub) send few (via I-60) no response from the I-60 date: Aug. 5th, 2021.

I request to purchase copy of "4 I-210 offense Report and preliminary investigation Report" (Revere back and front) side of the I-210 form. These four I-210 offense reports I am being deny copy and are:

1) Disciplinary case # 20210043021 charging officer: Salas, E. Law shift/card: 2A, date: 10/29/2020. Copy I-210 offense report and preliminary investigation report. Grade: M7

2) Disciplinary case # 20210154461 charging officer: Baxter, L. Law shift/card: 2A date: 4/9/2021. Copy I-210 offense report and preliminary investigation report. Grade: M7

3) Disciplinary case: 20210126604 charging officer: ukekadji, H. Law shift/card: 2B, date: 9/30/2020. Copy I-210 offense Report and preliminary investigation report. Grade: MT

4) Disciplinary case # 20210155877 charging officer: Orosco, S. C03 shift/card: 2B, date: 4/23/2021, Copy I-210 offense report and preliminary investigation report. Grade: M7

I do have money in my Trust Fund Account to purchase this copy's. Basic is that TDCJ has control over is unit admin counseling unit. I hope can help me

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix 1

I wrote a I-60 to the Purnel substitute/Disciplinary ms. Wells, s "NO Response I-60." I even talk to the Capt Trice, Ruth (PDC). this was here statement words: I could not get a copy of my I-210 offense report and preliminary investigation report." I am being denly copy to PTC. I have the right to preceive these 101 page. Exhibit.

Pursuant to 28 U.S.C. § 1746. I testify me Panales, R # 2944760 under penalty of perjury that the information 'I-127) is true and correct. me Panales, R 'Connally unit 899 F.M. 632 Kenedy, Tex. 78119.

Cc: Filed.

**Action Requested to resolve your Complaint.** Is ther Change of Policy, Procedures, Rules of Practice I will like to purchase copys of I-210 offense report - preliminary investigation Report. I Request a thorough & complete investigation to ascertain necessary facts to correct this unlawful pression. Thank you in advance. that reqiured senior warden insight also.

**Offender Signature:** Lawrence Panales.   **Date:** Aug 9th, 2021

**Grievance Response:**

Your claim has investigated. A request to purchase copies of Disciplinary documentation should be requested through the unit Law Library. No further action is warranted from this office.

**Signature Authority:** Warden V. Davis    **Date:** 8/30/21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5 No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

I-127 Back (Revised 11-2010)    Appendix F